AMY JANE LONGO, Cal. Bar No. 198304
E-mail: LongoA@sec.gov
LYNN M. DEAN, Cal. Bar No. 205562
E-mail: DeanL@sec.gov
MATTHEW T. MONTGOMERY, Cal. Bar No. 260149
E-mail: MontgomeryM@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Michele Wein Layne, Regional Director
John W. Berry, Regional Trial Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071-9591
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**Western Division**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>    vs.<br><br>DIVERSE FINANCIAL CORPORATION, ROY DEKEL, and DAVID KANDELL,<br><br>            Defendants. | Case No. 8:15-cv-01746-PA-KES<br><br>**FINAL JUDGMENT INCLUDING MONETARY RELIEF AS TO DEFENDANT DAVID KANDELL** |

The Securities and Exchange Commission having filed a Complaint and Defendant David Kandell ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph VI); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

### I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $260,363.00 representing profits gained as a result of the

1  conduct alleged in the Complaint, and a civil penalty in the amount of $89,078,
2  pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d).  Defendant shall
3  satisfy this obligation by paying $ $349,441.00 to the Securities and Exchange
4  Commission within 365 days after entry of this Final Judgment.
5      Defendant may transmit payment electronically to the Commission, which will
6  provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also
7  be made directly from a bank account via Pay.gov through the SEC website at
8  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified
9  check, bank cashier's check, or United States postal money order payable to the
10 Securities and Exchange Commission, which shall be delivered or mailed to

       Enterprise Services Center
       Accounts Receivable Branch
       6500 South MacArthur Boulevard
       Oklahoma City, OK 73169

15 and shall be accompanied by a letter identifying the case title, civil action number,
16 and name of this Court; Defendant's David Kandell as a defendant in this action; and
17 specifying that payment is made pursuant to this Final Judgment.
18     Defendant shall simultaneously transmit photocopies of evidence of payment
19 and case identifying information to the Commission's counsel in this action.  By
20 making this payment, Defendant relinquishes all legal and equitable right, title, and
21 interest in such funds and no part of the funds shall be returned to Defendant.  The
22 Commission shall send the funds paid pursuant to this Final Judgment to the United
23 States Treasury.
24     The Commission may enforce the Court's judgment for disgorgement and
25 prejudgment interest by moving for civil contempt (and/or through other collection
26 procedures authorized by law) at any time after 14 days following entry of this Final
27 Judgment.  Defendant shall pay post judgment interest on any delinquent amounts
28 pursuant to 28 U.S.C. § 1961.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

### IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### V.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  December 8, 2016

_____
THE HONORABLE PERCY ANDERSON
UNITED STATES DISTRICT JUDGE